JOANNA R. MENDOZA, State Bar No. 148320
MALOVOS & MENDOZA, LLP
3620 American River Drive, Suite 215
Sacramento, CA 95864
(916) 974-8600
(916) 974-8608 (fax)

Attorneys for Plaintiff
WILLIAM L. LYON & ASSOCIATES, INC.
dba LYON REAL ESTATE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. LYON & ASSOCIATES, INC., a California corporation doing business as LYON REAL ESTATE,<br><br>Plaintiff,<br><br>v.<br><br>SIMON L. PURSHOUSE, JAMES E. FREEMAN, JOHN W. FRACK, BARBARA E. VOSS and STEVEN M. VOSS, each individually and doing business as LYON SHARE INVESTMENT CLUBS, LYON SHARE INVESTMENT CLUBS, LLC, a Nevada Limited Liability Company, J.E.P. INVESTMENT MANAGEMENT, INC., a Nevada Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, WILLIAM L. LYON & ASSOCIATES, INC. dba LYON REAL ESTATE, by and through its attorneys, hereby complains against the above-named defendants and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a Complaint for Trademark Infringement, Trademark Dilution and Unfair Competition arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1) (Trademark Infringement), 15 U.S.C. § 1125(c) (Trademark Dilution), and 15 U.S.C. § 1125(a) (Unfair

Competition), and for related claims of unfair competition, trademark infringement and dilution under California Business & Professions Code §14200 *et seq*. and §17200 *et seq*. and common law.

2.   This Court has original subject matter jurisdiction over this action, without regard to the amount in controversy or the citizenship of the parties, pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

3.   This Court has supplemental jurisdiction over the remaining claims for relief, without regard to the amount in controversy or the citizenship of the parties, under 28 U.S.C. §1367(a), because this claim arises out of the same set of facts and circumstances and forms part of the same case or controversy.

4.   Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because (1) one or more of the Defendants reside in the Eastern District of California; and (2) a substantial part of the events giving rise to Plaintiff's claims occurred, and continue to occur, in this District.

## THE PARTIES

5.   Plaintiff WILLIAM L. LYON & ASSOCIATES, INC., is a corporation organized and existing under the laws of the State of California, and is and was at all times mentioned herein qualified to do business in California.  Plaintiff does business under the fictitious business name LYON REAL ESTATE (the plaintiff shall hereinafter be referred to as "LYON"), and has filed the statement and published the notice required by California Business and Professions Code Section 17918.  LYON has its principal place of business located in Sacramento, California, with real estate offices located throughout the Sacramento region including the counties of Sacramento, Placer, Yolo, El Dorado and Nevada.

6.   Upon information and belief, Defendant SIMON L. PURSHOUSE (hereinafter "PURSHOUSE") is an individual residing in Sacramento County, California.  Plaintiff is informed and believes that defendant PURSHOUSE is a licensed real estate salesperson with the California Department of Real Estate.

7.   Upon information and belief, Defendant JAMES E. FREEMAN (hereinafter "FREEMAN") is an individual residing in Sacramento County, California.  Plaintiff is

1  informed and believes that defendant FREEMAN is a licensed real estate salesperson with the
2  California Department of Real Estate.
3    8. Upon information and belief, Defendant JOHN W. FRACK (hereinafter
4  "FRACK") is an individual residing in El Dorado County, California.  Plaintiff is informed
5  and believes that defendant FRACK is a licensed real estate salesperson with the California
6  Department of Real Estate.
7    9. Upon information and belief, Defendants BARBARA E. VOSS and STEVEN M.
8  VOSS (hereinafter collectively referred to herein as "VOSS") are married individuals residing
9  in Placer County, California.  Plaintiff is informed and believes that defendant BARBARA
10 VOSS is a licensed real estate salesperson with the California Department of Real Estate.
11   10. Plaintiff is informed and believes that defendants PURSHOUSE, FREEMAN and
12 FRACK have formed an informal partnership and are doing business together as LYON
13 SHARE INVESTMENT CLUBS, with its principal place of business located within
14 Sacramento County, California.  Furthermore, upon information and belief, defendants VOSS
15 began doing business under the LYON SHARE INVESTMENT CLUBS name in July 2005,
16 in association with defendants PURSHOUSE, FREEMAN and FRACK (hereinafter
17 collectively referred to as "LYON SHARE").
18   11. Plaintiff is informed and believes that defendants PURSHOUSE, FREEMAN and
19 FRACK have similarly formed a Nevada limited liability company, known as LYON SHARE
20 INVESTMENT CLUBS, LLC, with its principal place of business purported to be Las Vegas,
21 Nevada.  Upon further information and belief, the limited liability company referred to herein
22 was originally intended by defendants PURSHOUSE, FREEMAN, and FRACK to be the
23 form of entity for the business whose principal place of business is actually located in
24 Sacramento County, California.  However, at the time of this filing, the LYON is informed
25 and believes that the limited liability entity has not properly registered to do business in the
26 State of California as a foreign entity such that it is not qualified to do business in this state.
27 Furthermore, plaintiff LYON is informed and believes and thereon alleges that the defendants
28 have conducted their business in such a way as to defeat the protection of any corporate veil

1  they may try to assert and cannot escape individual liability for their conduct as a result
2  thereof.
3      12.  Upon information and belief, defendant J.E.P. INVESTMENT MANAGEMENT,
4  INC., a Nevada corporation, is the manager of the defendant LYON SHARE INVESTMENT
5  CLUBS, LLC, with its principal place of business in Las Vegas, Nevada.
6      13.  The true names, capacities and identities of defendants sued herein and under the
7  fictitious names of DOES 1 through 20, inclusive, whether individual, corporate, or otherwise,
8  are unknown to plaintiff at this time, and plaintiff will amend this complaint by inserting the
9  true names of said defendants when said true names and identities are ascertained.  Plaintiff is
10 informed and believes, and based on said information and belief, alleges thereon that each of
11 the defendants designated herein as DOES 1 through 20, inclusive, is legally responsible in
12 some manner for the events and happenings herein referred to, and all of plaintiff's injuries
13 and damages as herein alleged were proximately caused by said defendants.
14     14.  Plaintiff is informed and believes and thereon alleges that at all times herein
15 mentioned, each of the defendants was acting as agent, employee, servant, partner, and/or
16 joint venturer of the remaining defendants, and all the acts complained of herein were done
17 within the course and scope of said agency, employment, servitude, partnership and/or joint
18 venture, and that all the acts alleged herein committed by each defendant were ratified and
19 approved by the remaining defendants and/or done with the knowledge, consent and
20 permission of the other defendants.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

22     15. Plaintiff LYON has provided real estate services in Northern California since
23 1946.  LYON has been using its "LYON" mark and trade name continuously since 1948 in
24 conjunction with real estate services in Northern California, and has used the mark in
25 interstate commerce since January of 1958.  LYON sought federal registration of its mark in
26 2002, and on November 4, 2003, it became the owner of the registered mark "LYON," U.S.
27 Patent and Trademark Office Registration Nos. 2779172 and 2779173, under International
28 Class 036 for real estate services.  True and correct copies of the U.S. Patent and Trademark

1  Office website setting forth the information regarding plaintiff LYON's federal trademark
2  registrations are attached hereto as Exhibit 1.
3      16. Upon information and belief, plaintiff LYON is the largest and most productive
4  independently owned and operated real estate firm in the Greater Sacramento Region, ranking
5  second in the State of California and 25th in the United States. In addition to real estate sales,
6  LYON provides education and training services for its real estate agents, and has teamed with
7  mortgage brokers and insurance providers to offer both financial and insurance services for its
8  clients. Through its long and continuous use of its trade name and mark, LYON has
9  developed substantial goodwill in the mark for these services. The "LYON" trademark is
10 one of the most widely recognized brands for real estate and related services both within the
11 real estate industry and among the general public, and the name "LYON" is associated with
12 quality real estate services throughout the region. The fame and goodwill associated with the
13 "LYON" trademark is one of LYON's most valuable corporate assets. The name "LYON" is
14 associated with success and knowledge in the real estate industry.
15     17. Plaintiff is informed and believes that all named individual defendants are
16 licensed real estate salespersons with the California Department of Real Estate and that all
17 defendants are familiar with the "LYON" mark and its goodwill in association with real estate
18 services. Upon information and belief, the defendants intentionally adopted the "LYON
19 SHARE" mark to trade on the fame and goodwill associated with LYON. Aware that the
20 "LYON" mark had been used by the plaintiff for many years and had built up substantial
21 goodwill as a result thereof, defendants founded LYON SHARE in February or March 2005
22 and began first doing business under the name in April of 2005. They began promoting
23 LYON SHARE as "a platform for professionals…to teach, educate and market various
24 investment strategies, programs and services" … "for people interested in Real Estate as an
25 investment tool." LYON SHARE markets itself as being for "all types of people, all ages and
26 those at various levels of experience or interest in learning about the real estate industry."
27 The defendants' target audience, therefore, includes any and all individuals who have an
28 interest in buying and/or selling real estate. In other words, defendants target the same

1  channels of commerce as those targeted by plaintiff LYON in its business.

2  18.  In the summer of 2005, plaintiff LYON first became aware that the defendants, and each of them, were using the mark "LYON SHARE," which is substantially similar to the plaintiff's trademark "LYON," to sell real estate related services.  A local area newspaper, *The Press Tribune*, had an article in its weekly insert called *Gold Country Homes*, dated July 1 & 2, 2005, entitled "Roseville launches new real estate investment club," with a subheading that stated further "Lyon Share club invites public to investigate new opportunities."  A true and correct copy of this article is attached hereto as Exhibit 2.

19.  The article in the Gold Country Homes publication focuses on the defendants' business and LYON SHARE's ability to assist individuals with investing in real estate.  Defendant FLACK is quoted extensively in the article, which discusses how LYON SHARE will help people invest in the right property for their investment needs by making certain that they understand the goals of each member while considering factors such as how much equity they have in their own home and how long they want to keep the investment property, informing them of countless opportunities for investment.  The defendants market themselves as real estate professionals with substantial experience in real estate investment.  Defendants VOSS are quoted as saying that the LYON SHARE website will be used to highlight certain properties for sale.

20.  On the same page as the article about LYON SHARE, the Gold Country Homes publication placed an advertisement for LYON, regarding two homes for sale.  This advertisement placement suggests likely confusion by the publication itself that the defendants are affiliated with LYON.  In any case, it is likely that the placement of the advertisement contributed to the likelihood of confusion among consumers of residential real estate that the defendants are affiliated with LYON.

21.  Defendants' use of a substantially identical representation of plaintiff's trademark for their substantially identical services within the same channels of trade and geographic region of focus, is likely to confuse consumers.  The similarity between "LYON" and "LYON SHARE" marks will lead some to conclude that LYON SHARE was owned, exclusively or

jointly created by, licensed by, or otherwise affiliated with LYON, or that LYON SHARE services are somehow otherwise affiliated, connected or associated with LYON.  Consumers are likely to be misled as to the true source, sponsorship, or affiliation of LYON SHARE.

22.  On information and belief, through their use of the "LYON SHARE" mark, defendants have intentionally and with knowledge sought to cause consumer confusion, mistake and deception.  The ongoing promotion and dissemination of the "LYON SHARE" mark is likely to lessen the capacity of the "LYON" trademark to identify and distinguish LYON products and services.  On information and belief, through the use of the "LYON SHARE" mark defendants willfully intended to dilute the ability of the "LYON" trademark to identify and distinguish LYON products and services.

23.  In or about August 3, 2005, plaintiff LYON, through its attorney, notified defendant LYON SHARE that it was using the mark in violation of U.S. trademark laws and was engaging in unfair competition under California's Business & Professions Code §17200.  Such notification was sent to LYON SHARE at its address listed on its website, and defendant PURSHOUSE, FRACK, and FREEMAN each received an electronic copy of the letter via their respective e-mail addresses listed on the LYON SHARE website.   Defendants were asked to provide written assurance by August 16, 2005, that they would discontinue their use of the trade name "LYON," including 1) destruction of all materials containing the names such as marketing and promotional materials, stationary and supplies; 2) removal of the name from the internet website, all signage and any vehicles, and 3) immediate discontinuance of all advertising using the name.   However, the defendants failed to timely respond to plaintiff's demand, continued to knowingly infringe the plaintiff's trademark rights, and failed to cease and desist all use of the LYON mark and any confusingly similar marks and select an acceptable alternate mark.

24.  Thereafter, on August 24, 2005, plaintiff LYON, through its attorney, advised LYON SHARE and defendants PURSHOUSE, FRACK, and FREEMAN that this complaint would be filed no later than September 2, 2005, if they did not provide assurances that they had ceased and desisted of all use as requested in the August 3, 2005, letter.   Thereafter, over

1 the course of several days beginning on August 31, 2005, defendants' attorney engaged in an
2 exchange of correspondence with plaintiff's counsel attempting to dissuade the filing of this
3 lawsuit, but not agreeing to cease and desist all use of the name.  Hence, despite efforts to
4 informally resolve this matter short of litigation, upon information and belief the LYON
5 SHARE defendants continue to use the "LYON" mark in promoting their company and real
6 estate services.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement, 15 U.S.C. §1125)

9  25. Plaintiff realleges, as if fully set forth herein, the allegations contained in
10 paragraphs 1 through 24.

11  26. Defendants' use of the "LYON SHARE" mark to promote, market, or sell real
12 estate services constitutes trademark infringement pursuant to 15 U.S.C. §1114.  Defendants'
13 intentional and willful infringement of the "LYON" registered trademark has caused and will
14 continue to cause damage to LYON, and is causing irreparable harm to LYON, including
15 injury to its business reputation and dilution of the distinctive quality of plaintiff's services.

16  27. By reason of the foregoing, defendants have violated and continue to violate 15
17 U.S.C. §1125.

18  28. Plaintiff LYON has no adequate remedy at law for these injuries.  Moreover,
19 unless defendants are restrained by this Court from continuing their unauthorized use of the
20 "LYON" mark, these injuries will continue to occur.  Plaintiff is entitled to an injunction
21 restraining defendants, their agents and employees, and all persons acting in concert with
22 them, from engaging in such further acts in violation of 15 U.S.C. §1125.

23  29. Plaintiff is further entitled to recover from defendants the damages, including
24 attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages
25 obtained by the defendants as a result of their acts of infringement alleged above.  At present,
26 the amount of such damages, gains, profits and advantages cannot be fully ascertained.

27  WHEREFORE, Plaintiff prays for judgment against defendants and each of them as
28 hereinafter set forth below.

## SECOND CLAIM FOR RELIEF

**(Trademark Dilution, 15 U.S.C. §1125 )**

30. Plaintiff realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 29.

31. LYON SHARE's use of the "LYON" in connection with their real estate related services is not within the plaintiff's control, is likely to dilute the distinctive quality associated with the "LYON" trademark.  Defendants' services are of an inferior nature and quality to those services associated with LYON in the public mind and the use of said mark for such services is likely to injure plaintiff's business reputation.

32. LYON SHARE's use of the "LYON" mark to promote, market, or sell its real estate related services constitutes willful trademark dilution pursuant to 15 U.S.C. §1125(c). LYON SHARE's intentional and willful dilution of the "LYON" registered trademark has caused and will continue to cause damage to LYON, and is causing irreparable harm to LYON for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as hereinafter set forth below.

## THIRD CLAIM FOR RELIEF

**(Unfair Competition, 15 U.S.C. §1125)**

33. Plaintiff realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 32.

34. LYON SHARE's use of the "LYON" mark to promote, market, or sell its real estate related services constitutes unfair competition pursuant to 15 U.S.C. §1125(a).  LYON SHARE's use of the "LYON" mark is likely to cause confusion, mistake, and deception among consumers of real estate related services.  LYON SHARE's unfair competition has caused and will continue to cause damage to LYON, and is causing irreparable harm to LYON for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as hereinafter set forth below.

## FOURTH CLAIM FOR RELIEF

### (Trademark Infringement – Common Law Claim)

35. Plaintiff realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 34.

36. Defendants, and each of them, have engaged in and continue to engage in common law trademark infringement in that they have knowingly and willfully continued to use the "LYON" mark even though the plaintiff has exclusive rights under the common law to the trademark and all marks confusingly similar thereto. The plaintiff has the common law exclusive right to market and promote itself under the "LYON" mark for real estate related services, without confusion, and to control the quality of goods and services associated with the "LYON" mark.

37. Defendants' infringement, copying, imitating and misappropriation of plaintiff's trademark "LYON" is an attempt by defendants to trade upon plaintiff's goodwill and reputation and to unlawfully appropriate the benefit of plaintiff's years of advertising, promotion and quality services. Defendants' acts of trademark infringement have caused and will continue to cause damage to the plaintiff. Said acts also have caused and will continue to cause great and irreparable injury to plaintiff, and unless said acts are restrained by this Court, they will be continued and plaintiff will continue to suffer great and irreparable injury for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as hereinafter set forth below.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. B&P Code §17200)

38. Plaintiff realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 37.

39. Defendants, and each of them, have engaged in unfair competition, and continue to engage in unfair competition, in that they have knowingly and willfully continued to use the "LYON" mark even though the plaintiff has exclusive rights to the trademark and all

1  marks confusingly similar thereto under both the common law and Lanham Act. The plaintiff
2  has the exclusive right to market and promote itself under the "LYON" mark for real estate
3  related services, without confusion, and to control the quality of goods and services associated
4  with the "LYON" mark.

5  40. Defendants' infringement, copying, imitating and misappropriation of plaintiff's
6  trademark "LYON" is an attempt by defendants to trade upon plaintiff's goodwill and
7  reputation and to unlawfully appropriate the benefit of plaintiff's years of advertising,
8  promotion and quality services. Defendants' acts of unfair competition have caused and will
9  continue to cause damage to the plaintiff. Said acts also have caused and will continue to
10 cause great and irreparable injury to plaintiff, and unless said acts are restrained by this Court,
11 they will be continued and plaintiff will continue to suffer great and irreparable injury for
12 which there is no adequate remedy at law.

13 WHEREFORE, Plaintiff prays for judgment against defendants and each of them as
14 hereinafter set forth below.

15 **PRAYER FOR RELIEF**

16 WHEREFORE, Plaintiff respectfully requests judgment as follows:

17 1. Pursuant to 15 U.S.C §1125, California common law and Cal. Business and
18 Professions Code §17200 et seq., that defendants' and defendants' officers, agents, servants,
19 employees, attorneys, successors and assigns, and persons in active concert or participation
20 with any of them be enjoined and restrained during the pendency of this action and
21 permanently thereafter, from infringing and diluting the "LYON" trademark, or using any
22 other name confusingly similar thereto, in connection with real estate related services. Said
23 injunction shall prohibit the defendants from knowingly assisting, inducing, aiding or abetting
24 any other person or business entity to use the "LYON" mark for real estate related services;

25 2. That defendants be required, pursuant to 15 U.S.C. §1117 and all relevant
26 California statutes, to account to plaintiff for all profits realized by them as a result of the
27 aforesaid unfair competition, dilution and trademark infringement;

28 3. That plaintiff receive from defendants all damages sustained as a result of the

1  aforesaid unfair competition, dilution and trademark infringement, as provided by 15 U.S.C.
2  §1117 and all relevant California statutes and common law;
3       4.  That plaintiff recover from defendants treble damages sustained by them as
4  provided by 15 U.S.C. §1117 and all relevant California statutes;
5       5.  That defendants be required to deliver up for destruction all stationary, labels, tags,
6  printing materials, marketing pieces, literature, invoices, work orders, advertising and
7  promotional material and all other items incorporating or bearing representations of the
8  trademark "LYON" or the name "LYON SHARE" or any marks confusingly similar thereto;
9       6.  That plaintiff be awarded compensatory and punitive damages not otherwise
10 addressed herein;
11      7.  That plaintiff be awarded prejudgment interest on all damage awards it receives in
12 this action;
13      8.  That plaintiff be awarded attorney's fees and costs as provided by Section 35(a) of
14 the Lanham Act and all relevant California statutes; and
15      9.  Any other or further relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any issues triable of right by jury.

DATED:  September 8, 2005                            MALOVOS & MENDOZA

                                                     By   /s/ Joanna R. Mendoza
                                                        JOANNA R. MENDOZA
                                                        Attorneys for Plaintiff
                                                        LYON REAL ESTATE